546 P.2d 380

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Richard ELISONDO, Defendant-Appellant.**

**No. 11706.**

Supreme Court of Idaho.

Feb. 6, 1976.

Gary E. Radke, of Brauner, Fuller, Doolittle & Radke, Caldwell, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., James W. Blaine, Deputy Atty. Gen., Boise, for plaintiff-respondent.

McQUADE, Chief Justice.

Defendant-appellant, Richard Elisondo (hereinafter appellant), was found guilty after a jury trial of one count of rape of a minor female not his wife.[1] Judgment of conviction was entered on the verdict. The court sentenced appellant to a term not to exceed seven and one-half years. This appeal is taken from the judgment of conviction.

The central question presented on appeal is whether appellant was denied the reasonably competent assistance of an attorney. Appellant also alleges the trial judge and jury were prejudiced against him. These issues were ably argued to this Court by counsel on appeal. We hold that appellant received reasonably competent assistance of counsel and affirm the judgment of conviction.

█ Appellant has alleged numerous omissions and acts by trial counsel in support of his contention that he was denied the competent assistance of counsel prior to and during his trial. Pursuant to our recently adopted standard of review for questions of competent assistance of counsel,[2] a defendant, "in most cases, must make a showing that the conduct of counsel contributed to the conviction or to the sentence imposed."[3] This requirement can be met only if a defendant points to facts in the record, or alleges facts within his personal knowledge or the personal knowledge of others, in support of the contention that he was denied competent assistance of counsel.[4]

█ Appellant alleges that trial counsel did not render competent assistance because he failed to file a motion for new trial so that appellant could testify, which appellant alleges trial counsel prevented him from doing. However, appellant has not alleged what his testimony would be and how it might have affected the verdict. Nor has he alleged the grounds on which a motion for new trial could be based. I.C. § 19–2406. Appellant argues trial counsel's failure to file a motion for discovery establishes denial of competent assistance. But again appellant fails to allege what evidence exists that was not discovered and introduced due to lack of diligent preparation and investigation by trial counsel, and how such evidence could benefit him.[5] We cannot presume the denial of competent assistance of counsel without a basis for objective analysis of counsel's performance.

█ Appellant alleges that he was denied the competent assistance of counsel because counsel did not have him undergo mental examination; did not urge a defense of mental disease or defect; did not make a motion for change of venue; did not move to disqualify the trial judge; did not challenge the jury panel; and did not investigate a potential witness suggested by appellant. As with appellant's first two alleged instances of incompetent assistance of counsel, these allegations are made without a factual basis upon which trial counsel's representation can be evaluated.

---

1. I.C. § 18–6101. "Rape defined.—Rape is an act of sexual intercourse accomplished with a female not the wife of the perpetrator, under either of the following circumstances:
    1. Where the female is under the age of eighteen years . . . ."

2. *State v. Morris*, 97 Idaho ——, 546 P.2d 375 (1976) ; *State v. Kraft*, 96 Idaho 901, 539 P.2d 254 (1975) ; *State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975).

3. *State v. Tucker, supra* note 2, 97 Idaho at 564, 539 P.2d at 564.

4. *State v. Kraft, supra* note 2, 96 Idaho at 905, 539 P.2d at 258.

5. *See State v. Morris, supra* note 2 ; *State v. Kraft, supra* note 2, 96 Idaho at 905, 539 P.2d at 258.

There is nothing in the record to indicate that appellant was denied a fair trial and the reasonably competent assistance of counsel as a result of any of the alleged omissions.

 Appellant's remaining allegations of incompetent assistance of counsel encompass that aspect of trial counsel's role denominated "trial tactics" or "strategy choices." Trial counsel's failure to object to the admission of certain items of evidence and to the admission of certain testimony; the failure to request instruction of the jury to disregard testimony successfully objected to; the failure to ask witnesses questions suggested by appellant; the failure to move to exclude witnesses not testifying from the courtroom; and trial counsel's selection of a jury of eleven women and one man, are all claimed to establish appellant's contention that he was denied competent assistance of counsel. Trial counsel's decisions in the above cited instances may well have been motivated by tactical or strategic considerations. Appellant has not shown anything in the record to suggest that these decisions were "made upon the basis of inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective evaluation."[6] We will not attempt to second guess trial counsel's tactical and strategic choices.[7] It appears from the record that appellant had a fair trial and received reasonably competent assistance of counsel.

■ Appellant also assigns as error the alleged prejudice against him of the trial judge and of the jury. There are no allegations of facts in the record supporting these contentions and we deem them to be without merit.[8]

The judgment of conviction is *affirmed.*

McFADDEN, DONALDSON and SHEPARD, JJ., concur.

BAKES, Justice (specially concurring).

I concur in the result for reasons expressed in my specially concurring opinion in *State v. Kraft*, 96 Idaho 901, 539 P.2d 254 (1975).

6. *State v. Morris, supra* note 2, 97 Idaho at ——, 546 P.2d at 375; *State v. Kraft, supra* note 2, 96 Idaho at 905, 539 P.2d at 258; *State v. Tucker, supra* note 2, 97 Idaho at 10, 539 P.2d at 562.

7. Cases cited note 6 *supra.*

8. *State v. Linn*, 93 Idaho 430, 437, 462 P.2d 729, 735 (1969).