644 P.2d 992

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Richard Michael ELISONDO, Defendant-Appellant.**

**No. 13915.**

Court of Appeals of Idaho.

April 13, 1982.

Dwaine L. Welch of Welch & Osborn, Payette, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Lance Churchill, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Richard Elisondo was found guilty by a jury in the magistrate division of the district court, of the offense of operating a motor vehicle while under the influence of an intoxicating beverage. He appealed the conviction to the district court and requested a trial de novo. The district court denied his request for a new trial, elected to decide the appeal on the record, and affirmed the judgment of conviction.

Elisondo now appeals from the district court, raising three issues: (1) whether the state met its burden of proving him guilty beyond a reasonable doubt in the jury trial; (2) whether he was denied the effective assistance of counsel at trial; and (3) whether the district court abused its discretion in not granting a trial de novo. We affirm the decision of the district court sustaining the judgment of conviction.

I.

The first issue relates to the sufficiency of the evidence to support the conviction. At the trial, conflicting testimony was presented as to whether Elisondo, or some other person, was operating the vehicle at the time of his arrest. The arresting officer testified that, while on patrol in his police car, he observed a vehicle ahead of him being operated in an erratic manner. He activated his emergency lights and the other vehicle stopped. As the officer approached the stopped vehicle, the driver got out and remained at the scene until the officer arrived. The officer testified that the driver was the sole occupant of the vehicle, and identified him as Elisondo. The officer further testified that Elisondo was staggering and had the odor of alcohol about him. Several field sobriety tests were administered to Elisondo and he was placed under arrest. Elisondo also submitted to a breath analysis test to determine alcohol content in his blood. The officer testified that after Elisondo was advised of his rights, Elisondo admitted that he had been drinking. Elisondo denied to the officer, however, that he had been driving the automobile.

At trial, Elisondo and a corroborating witness both testified that the witness, not Elisondo, had been driving the automobile. They testified that the witness had exited the vehicle and left the scene before the officer arrived. Elisondo did admit at trial that he was under the influence of alcohol at the time he was arrested. The blood-alcohol test results were introduced in evidence, showing an alcohol level in Elisondo's system of .25 percent.

Proper appellate review requires that full consideration be given to the right of the jury to determine the credibility of witnesses, the weight to be afforded the evidence, and the right to draw all justifiable inferences from the evidence presented. *State v. Erwin*, 98 Idaho 736, 740, 572 P.2d 170, 174 (1977). It is not the function of a court, on appeal, to weigh such evidence nor to place itself in the jury's position. *State v. Cysewski*, 101 Idaho 353, 355, 612 P.2d 1200, 1202 (1980). These principles were recognized and applied by the district court on the appeal from the magistrate division. We have reviewed the transcript of the trial proceedings and find that there was sufficient competent evidence, albeit conflicting, to support the jury's verdict. *Cf. Nicholls v. Blaser*, 102 Idaho 559, 633 P.2d 1137 (1981).

## II.

Elisondo next argues he was denied the effective assistance of counsel at trial.[1] He challenges: (a) failure of his attorney to object to the admission of testimony concerning the results of the blood-alcohol test, (b) failure of his attorney to request an advisory instruction for acquittal, and (c) failure of the attorney to request an instruction on the defense of alibi.

The record shows that Elisondo's trial counsel did not object to the introduction of the blood-alcohol test. To the contrary, the record shows he affirmatively stipulated to its admission. The situation does not appear to be one where counsel failed to do something; instead he made a choice to stipulate for admission, rather than to resist the admission, of the evidence.

As noted earlier Elisondo claimed throughout the trial he was not the driver of the vehicle, and corroborative testimony was presented to the same effect. Therefore, his counsel may well have determined there was no necessity for objecting to the

admission of the breath test results. Or he may have considered that resisting the admission of the evidence would cause the jury to infer Elisondo was abandoning the position of not being the driver, and was shifting the issue to whether he was under the influence of alcohol as a driver. We deem this conduct to be within that aspect of trial counsel's role denominated as trial tactics or strategy choices, which will not be second-guessed on appeal. *See State v. Elisondo*, 97 Idaho 425, 546 P.2d 380 (1976); *State v. Kraft*, 96 Idaho 901, 539 P.2d 254 (1975).

In his next assignment of error, Elisondo asserts he was denied effective assistance of counsel because of the failure of his attorney "to move for an advisory instruction to acquit." He submits by way of argument in his brief, however, that had such a motion been made, in light of the evidence, "the court could well have decided that there was not sufficient evidence to convict the defendant beyond a reasonable doubt and taken the case from the jury."

Between Elisondo's assignment of error and his argument, it is difficult to ascertain whether he is claiming to have been aggrieved by his counsel's failure to request an advisory instruction to acquit under I.C. § 19–2123, or by failure to move for a judgment of acquittal under I.C.R. 29(a).

Idaho Code § 19–2123 provides:

If, at any time after the evidence of either side is closed, the court deems it insufficient to warrant a conviction, it must advise the jury to acquit the defendant. But the jury are not bound by the advice.

Idaho Criminal Rule 29(a) provides in part:

The court on motion of the defendant or on its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment, infor-

---

1. Elisondo was provided with counsel at trial, appointed by the court at public expense. Another attorney was appointed in the appeal to district court, and a third attorney was provided to prosecute the appeal in this court.

mation or complaint after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.

Neither of these procedures is dependent upon a motion by defense counsel. Both the giving of an advisory ·instruction to acquit and the entry of a judgment of acquittal may be considered by the court on its own volition, at any time after the close of evidence on either side. Whether raised by counsel or the court on its own motion, both of those procedures entail a consideration of the sufficiency of evidence.

■ The rule is well settled in Idaho that the action of the trial court in giving, or refusing to give, an advisory instruction to acquit, is purely a discretionary matter which is not reviewable on appeal if there is some substantial evidence upon which to base a verdict of guilty. *State v. Urie*, 92 Idaho 71, 74, 437 P.2d 24, 27 (1968). Similarly, a Rule 29(a) motion for acquittal will not be granted when the evidence is sufficient to sustain a conviction. *State v. Holder*, 100 Idaho 129, 131, 549 P.2d 639, 650 (1979). In our view, the test of sufficiency is whether there is substantial and competent evidence to support a conviction—the same standard applied in appellate review of convictions. *State v. Horn*, 101 Idaho 192, 197, 610 P.2d 551, 556 (1980); *State v. Erwin*, 98 Idaho 736, 740, 572 P.2d 170, 174 (1977).

Thus, the common issue, as to either a motion for advisory instruction to acquit or a motion for judgment of acquittal, is whether there is "substantial" evidence to support a conviction. Here there is such evidence in the record. Under these circumstances, we hold that Elisondo was not denied effective assistance of counsel by failure of his attorney to move for acquittal or to request an advisory instruction to acquit.

■ We next address the issue of the failure of Elisondo's trial counsel to request an alibi instruction. The record on appeal does not disclose whether such an instruction was requested. Assuming that the request was not made, the question next arises whether that failure constitutes ineffective assistance of counsel. In this regard, failure to request an instruction is not reversible error absent a showing the failure was so prejudicial as to render inadequate what was in all other respects reasonably competent assistance of counsel. *State v. Elisondo*, 97 Idaho 425, 546 P.2d 380 (1979); *State v. Kraft*, 96 Idaho 901, 539 P.2d 254 (1975).

■ Under the facts of this case it is questionable whether alibi would be an appropriate defense. To justify the giving of an instruction on alibi, the evidence should show or tend to show that the defendant was elsewhere when the crime charged against him was committed. 75 Am.Jur.2d Trial § 730 (1974). A defendant's mere denial that he was at the place when the crime was committed is insufficient for this purpose. *Id.* Elisondo's defense is even more narrow; he simply denies being the driver of the vehicle.

■ Here, even if "alibi" were an appropriate description of the defense, Elisondo has failed to show prejudice by the alleged omission of his counsel to request an alibi instruction. The defense of alibi involves a question of fact to be resolved by the jury, in the course of determining whether the case against a defendant has been proven beyond a reasonable doubt. *State v. Sheehan*, 33 Idaho 553, 564, 196 P. 532, 535 (1921).

The jury was properly and adequately instructed by the trial court regarding the burden of proof required of the state. The standard Idaho instruction on the principle of reasonable doubt was given to the jury. The presumption of innocence was explained. The jury was instructed that "if, after a consideration of all the evidence in the case, you entertain a reasonable doubt of the truth of any of . . . [the] material allegations [of the complaint], then it is

your duty to give the defendant the benefit of such doubt and acquit him."

In our view the instructions given, under the circumstances of this case, adequately covered the same issue that would have been addressed generally in an alibi instruction. We hold that the failure to request such an instruction, in the circumstances of this case, did not constitute ineffective assistance of counsel, absent a showing the failure was so prejudicial as to render inadequate what was in all other respects reasonably competent assistance of counsel. *Elisondo* and *Kraft, supra.*

### III.

Elisondo's final assignment of error addresses whether the district court abused its discretion in not granting a trial de novo in district court. I.C. § 1–2213(2) vests the district court with particular authority in administering appeals from the magistrate division. It states:

> Unless otherwise provided by law or rule, a district court judge shall review the case on the record on appeal and affirm, reverse, remand, or modify the judgment; provided, that the district judge in his discretion, may remand the case for a new trial with such instructions as he may deem necessary or he may direct that the case be tried de novo before him.

Here the district court exercised its discretion in favor of considering the matter on the record rather than granting a trial de novo. *See State v. Griffith*, 97 Idaho 52, 539 P.2d 604 (1975). We are not persuaded that the district court abused its discretion in refusing to grant a trial de novo to Elisondo.

The decision of the district court, sustaining the judgment of conviction entered in the magistrate division, is affirmed.

BURNETT and SWANSTROM, JJ., concur.