800 P.2d 128

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Forrest L. WIMER,
Defendant–Appellant.**

No. 18061.

Court of Appeals of Idaho.

Oct. 26, 1990.

Rapaich, Knutson & Chapman, Lewiston, for defendant-appellant. Scott Chapman argued.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., argued, for plaintiff-respondent.

SWANSTROM, Judge.

A jury in the magistrate division found Forrest Wimer guilty of the misdemeanors of wrongfully possessing an Idaho resident hunting license and of killing an elk in Idaho County, Idaho, without having a valid hunting license. The magistrate entered an order withholding judgment. Wimer appealed to the district court raising four issues: (1) whether the magistrate erred by denying Wimer's motion to dismiss for failure to prove venue; (2) whether the magistrate erred by refusing to allow Wimer's father to testify regarding conversations with a former prosecuting attorney about residency requirements; (3) whether the evidence supported the jury's finding that Wimer wrongfully possessed an Idaho resident hunting license; and (4) whether the magistrate erred by sentencing Wimer on both counts of the amended complaint. The district court, sitting as an appellate court, affirmed and Wimer brought this appeal. For the following reasons, we also affirm.

Wimer and his family moved from California to Idaho on June 13, 1987. Prior to relocating in Idaho, he had lived in California for at least five years. In February, 1987, Wimer visited Idaho for a weekend for the purpose of inspecting a house his grandfather promised to give to him. Wimer took possession of his grandfather's property on June 17, 1987.

Wimer applied for and was issued an Idaho resident hunting license on September 4, 1987. An Idaho resident elk tag was issued to him on September 8. Wimer killed an elk in Idaho County on November 18. He took the elk to a hunting lodge at Orogrande, which is located in Idaho County, Idaho.

Idaho Fish and Game officers investigating a citizen's report of illegally killed game eventually charged Wimer with four misdemeanors, including two charges of illegally killing elk in a closed area. During

the officers' investigation they concluded that Wimer had not been a resident of Idaho for six months as required by I.C. § 36–202(r) when Wimer purchased a resident hunting license. Accordingly, Wimer was charged with possessing the wrong class of license, I.C. § 36–405(c)(1), and taking an elk without having a license of the proper class, I.C. § 36–502. A Fish and Game officer attempted to seize Wimer's hunting license, but Wimer told the officer that it was located at Orogrande. Later, on December 15, 1987, Wimer gave the license to the officer.

At trial, at the close of the state's case, Wimer orally moved for dismissal of the charge that he had possessed the wrong class of license "on or about December 15, 1987, in Idaho County, Idaho." Wimer contended that the state failed to submit any proof of venue; that is, that Wimer had possession of the license on December 15 *in Idaho County.* He argued that because the state failed to prove venue, one of the elements of the offense, the state is not entitled to a guilty verdict on the charge of possession of the wrong class of license. It follows necessarily that the second count, taking an elk without a proper-class hunting license, should also be dismissed, contended Wimer. The magistrate denied the motion in its entirety.

■ We note first that a motion to dismiss made under the circumstances here is actually a motion under I.C.R. 29 for a judgment of acquittal. *See State v. Holder,* 100 Idaho 129, 594 P.2d 639 (1979) *and State v. Huggins,* 103 Idaho 422, 648 P.2d 1135 (Ct.App.1982), *rev'd on other grounds,* 105 Idaho 43, 665 P.2d 1053 (1983).

An appellate court will not set aside a judgment of conviction entered upon a jury verdict if there is substantial evidence to support the verdict. On appeal, where a defendant stands convicted, we view the evidence in a light most favorable to the prosecution. *State v. Fenley,* 103 Idaho 199, 646 P.2d 441 (Ct.App.1982). The same

standards apply when we review the district court's decision to grant or deny the defendant's motion for judgment of acquittal. *State v. Holder, supra; State v. Elisondo,* 103 Idaho 69, 644 P.2d 992 (Ct.App. 1982); *State v. Huggins, supra; State v. O'Campo,* 103 Idaho 62, 644 P.2d 985 (Ct. App.1982); *State v. Mata,* 107 Idaho 863, 693 P.2d 1065 (Ct.App.1984). Moreover, when we review the record to determine whether substantial evidence exists, we are precluded from substituting our judgment for that of the jury as to the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Campbell,* 104 Idaho 705, 662 P.2d 1149 (Ct.App.1983).

■ Venue is non-jurisdictional. Proof of proper venue is satisfied if shown by a preponderance of the evidence. I.C. § 19–301(2). Direct or circumstantial evidence may be used to establish venue. *State v. Barr,* 63 Idaho 59, 117 P.2d 282 (1941). Here, the jury was instructed that the state "must prove *beyond any reasonable doubt*"[1] that "on or about the 15th day of December, 1987, the Defendant was in Idaho County, Idaho; and ... at such time and place the Defendant did knowingly possess an Idaho resident hunting license; and ... at such time and place the Defendant was not lawfully entitled to possess a resident Idaho hunting license." (Emphasis added.)

■ The state's evidence at trial showed that on December 15, 1987, Idaho Fish and Game Officer Hedberg seized a resident hunting license from Wimer. Hedberg's testimony included the following statements:

> We had—Mr. Wimer did not have his license with him on one occasion that we talked. He said it was up at Orogrande and he would go get it for me. He went and got his license and called me. And we made an agreement to meet. And at that point I asked him for his license and he gave me that hunting license.

1. On appeal, the state argued the instructions as given were prejudicial to the state. However, the state did not cross-appeal in this proceeding.

We decline to address this issue and we express no opinion on its merits.

Although the prosecuting attorney failed to ask the officer where this seizure took place, the magistrate nevertheless held that venue had been proven by sufficient evidence. The officer's testimony was not disputed. The seized license was admitted into evidence without objection. Moreover, it was also undisputed that Wimer had killed an elk near Orogrande in Idaho County, while possessing the license in question. The magistrate reasoned that because Wimer told the officer his license was in Orogrande, and because there was evidence that he went there to get it "on or about December 15, 1987," the state had produced sufficient evidence to show venue. We agree.

■ Likewise, we uphold the trial court's refusal to dismiss count two, taking an elk without having a proper-class license. We disagree with Wimer's argument that count two must also fail if venue in the first count was not proven. Although we hold that proof of venue for count one was sufficient, proof of venue for count two required proof of a different set of facts: that Wimer *had taken an elk in Idaho County*, without having the proper class of license. The state's evidence on these elements was clearly sufficient. We have examined Wimer's other arguments about the insufficiency of the evidence to sustain count two, but we are not persuaded that they have merit.

Wimer next argues that the magistrate abused his discretion by refusing to allow Wimer's father to testify regarding a conversation that took place in 1974 between Wimer's father and a former prosecuting attorney concerning the residency requirements relative to fish and game licenses. Wimer intended to show through an offer of proof that the information obtained by his father was imparted to him. Wimer wanted to establish that in February, 1987, when he came to Idaho for the weekend to inspect his grandfather's house, he formed the intent to make Idaho his residence. Apparently, Wimer wanted to prove that the 1974 information he had received gave him reason to believe that the six-month residency period commenced in February, 1987, rather than in June, when he actually moved to Idaho.

■ The state objected to the offer of evidence on the grounds of hearsay and relevancy. To avoid the hearsay objection, Wimer contended the evidence was being offered only to show what intent and beliefs Wimer had in February, 1987 as a result of the information received in 1974.

The state argued, correctly, that none of the offenses involved the element of a specific criminal intent.

[W]here such intent is not made an ingredient of the offense, the intention with which the act is done, or the lack of any criminal intent in the premises, is immaterial.... [E]rror cannot be predicated upon the action of the court in excluding evidence tending to show the defendant's good intentions and good faith, where a criminal intent is not a necessary element of the offense charged.

*State v. Sterrett*, 35 Idaho 580, 583, 207 P. 1071, 1072 (1922). Wimer never made it clear exactly why the excluded evidence was relevant, or how it would have benefitted him.

■ The magistrate found that the proffered evidence was too remote in time to be probative of the issues before the court. "The determination of whether the proffered evidence lacks probative value because of remoteness in time rests in the sound discretion of the trial court." *Lehmkuhl v. Bolland*, 114 Idaho 503, 511, 757 P.2d 1222, 1230 (Ct.App.1988) (review denied). Under *Lehmkuhl*, the test is "whether the probative value of the evidence is sufficiently strong to render the evidence admissible ... in light of its alleged remoteness" in time. *Id.* at 510, 757 P.2d at 1229. Here, we are not persuaded that the trial court abused its discretion in deeming the evidence too remote to be probative of the issues before the court. We uphold the exclusion of the evidence on this relevancy ground alone and, therefore, we do not need to discuss the state's other arguments for upholding the court's evidentiary ruling.

■ We wish to make it clear that Wimer was not precluded from introducing other evidence concerning his intent to make Idaho his residence. As the jury was instructed, Idaho Code § 36–202(r) defines "resident" for fish and game licensing purposes as

> any person who has been domiciled in this state, with a bona fide intent to make this his place of permanent abode, for a period of not less than six (6) months immediately preceding the date of application for any license, tag, or permit required under the provisions of this title or orders of the commission and who, when temporarily absent from this state, continues residency with intent to return. Provided that, until any such person has been continuously domiciled outside the state of Idaho for a sufficient period of time to qualify for resident hunting and fishing privileges in his new state of residence, said person shall be deemed not to have lost his residency in Idaho for the purposes of this title.

Thus, Wimer was free to offer other evidence, less remote in time, concerning his intent to reside permanently in Idaho. Unfortunately for Wimer, the evidence clearly established that—his intent notwithstanding—he did not reside within the State of Idaho for a period of at least six months before he obtained an Idaho resident hunting license.

In summary, we conclude that no error is shown in the exclusion of evidence at trial. The evidence admitted was sufficient to support the guilty verdicts for wrongfully possessing an Idaho resident hunting license and for killing an elk without having a proper-class license.

■ Finally, Wimer argues that the court erred by sentencing him on both counts because it resulted in double punishment for the same act, in violation of I.C. § 18–301. This statute provides:

> An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in *no* case can it be punished under more than

one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.

In *State v. Sensenig,* 110 Idaho 83, 84, 714 P.2d 52, 53 (Ct.App.1985), we summarized the role of this statute as follows:

> This statute, by its own terms, bars multiple punishments for the same criminal conduct. It goes beyond protection against double jeopardy under the fifth amendment to the United States Constitution and Article 1, Section 13, of the Idaho Constitution. These constitutional provisions refer to jeopardy for the "same offense." Consequently, they do not prohibit placing an accused in jeopardy on multiple charges so long as the government has the burden of proving for each charge at least one element not common to the other. *See Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In contrast, I.C. § 18–301 refers to an "act or omission." Multiple punishments violate the statute if they stem from the same "act", regardless of whether the offenses require proof of differing elements. *State v. Horn,* 101 Idaho 192, 610 P.2d 551 (1980). We have held that multiple convictions for such offenses also contravene the statute. *Bates v. State,* 106 Idaho 395, 679 P.2d 672 (Ct.App.1984).

*See also State v. Ledbetter,* 118 Idaho 8, 794 P.2d 278 (Ct.App.1990) (review denied).

Wimer was found guilty of the crime of wrongful possession of an Idaho resident hunting license (count one) pursuant to I.C. § 36–405(c)(1):

> Every person buying a license, tag or permit must buy a license, tag or permit of the proper type or class according to his residence and age. Purchase or possession of a license, tag or permit of the wrong class by any person is a misdemeanor and such license, tag or permit shall be void and of no effect from the date of issuance.

Wimer was also found guilty of unlawfully taking[2] big game (count two) under I.C. § 36–502(a)(3):

2. Under I.C. § 36–202(h), " '[t]ake' shall mean

hunt, pursue, catch, capture, shoot, fish, seine,

It is a misdemeanor for any person to have in his possession any wildlife or parts thereof protected by the provisions of this title and the taking or killing of which is unlawful.

Wimer argued that if, in fact, he possessed the wrong-class license (count one), that possession is the same act upon which the illegal taking of game is based (count two). We disagree. Possession of a *resident* license at any time from the date of its issuance is a separate and distinct act from the failure or omission to possess a *non-resident* license when he killed the elk in Idaho County on or about November 18, 1987. Moreover, the killing of the elk was an additional act in count two to the possession of the wrong-class license in count one. Clearly, the two offenses involve separate acts or omissions and, therefore, double punishment is not barred by I.C. § 18–301.

In conclusion, we affirm the district court's appellate decision which upheld the magistrate's order for a withheld judgment against Wimer for the crimes of wrongful possession of an Idaho resident hunting license and the unlawful taking of big game.

WINMILL, J., Pro Tem., concurs.

WALTERS, Chief Judge, concurring specially.

I concur in the foregoing opinion but deem one point in need of clarification. The appellant argues that proof of venue is an essential element to establish guilt in a criminal prosecution. Our opinion does not directly address that contention but merely holds that venue was established by a preponderance of the evidence, as permitted by I.C. § 19–301(2).

There is a division of authority among the courts upon the question of whether venue is an element of a criminal offense. *See* Annot., *Necessity of Proving Venue or Territorial Jurisdiction of Criminal Offense Beyond Reasonable Doubt*, 67 A.L. R.3d 988 (1975). Because Idaho's statute, § 19–301, provides that venue is non-juris-

dictional and may be proven by only a preponderance of the evidence, I conclude that Idaho is aligned with those states which hold that venue is not an element of a crime. Venue merely establishes the forum where the prosecution should take place. *See* I.C.R. 19. Any objection to that forum should be raised before the trial commences, or it is waived. *See* I.C.R. 22. Consequently, in the instant case, it was immaterial whether the state proved to the jury at trial that the crime occurred in Idaho County and the magistrate properly denied Wimer's motion to dismiss asserting otherwise.

trap, kill, or possess *or any attempt to do so.*"

(Emphasis added.)