116 F.3d 484
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David KARLUK, Plaintiff-Appellant,
v.
Lee SQUIRES, Clearwater County Deputy Prosecuting Attorney;
Neil Erlewine, Both in official and individual capacity;
Tom Keller; Mike Merkley; John Preston; Gene Eastman, in
his individual capacity, Defendants-Appellees.
David KARLUK, Plaintiff-Appellant,
v.
Lee SQUIRES, Clearwater County Deputy Prosecuting Attorney;
Neil Erlewine, Both in official and individual
capacity, Defendants,
and
Gene EASTMAN, in his individual capacity, Defendant-Appellee.
 Nos. 96-35604, 96-35948.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 20, 1997.
 
 Appeals from the United States District Court for the District of Idaho, No. CV-94-00455-EJL; Edward J. Lodge, District Judge, Presiding.
 Before GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David Karluk appeals the district court's grants of summary judgment based on qualified immunity in favor of Gene Eastman, a conservation officer with the Idaho Department of Fish and Game, and Mike Merkley, an agent with the United States Forest Service, in this action brought pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment based on qualified immunity. See Neely v. Feinstein, 50 F.3d 1502, 1507 (9th Cir.1995).
 
 
 4
 A. Contentions as to Eastman.
 
 
 5
 Karluk contends that the district court erred by concluding that Eastman could have had an objectively reasonable belief that he lawfully stopped Karluk to inspect his hunting license, followed Karluk to his vehicle while he retrieved his license, and retained Karluk's license as evidence of a misdemeanor charge of possessing the wrong class of license. We disagree.
 
 
 6
 We must determine whether, in light of clearly established principles governing an officer's conduct, he objectively could have believed his conduct was lawful. See Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993) (citing Anderson v. Creighton, 483 U.S. 635, 641 (1987)). Although genuine disputes of material fact regarding an officer's knowledge are resolved by a factfinder, "the determination whether those facts support an objective belief that probable cause or reasonable suspicion existed is ordinarily a question for the court." Id.
 
 
 7
 When Eastman stopped Karluk in October of 1992, he knew that Karluk (1) was registered to vote in California in 1991; (2) owned property in California; (3) owned four vehicles registered in California; (4) had a business in California; (5) had moved back and forth from Idaho to California in 1990; and (6) had attempted to purchase a non-Idaho resident license in September of 1990, but because none was available, purchased a resident license instead.
 
 
 8
 On the other hand, Eastman also knew that Karluk filed a 1990 Idaho resident income tax form in November of 1991, voted in Idaho, and possessed an Idaho driver's license. A prosecutor had dropped a charge of possession of the wrong class of hunting license against Karluk in January of 1992 because the prosecutor wanted additional evidence from Eastman regarding Karluk's residency. Upon further investigation, Eastman repeatedly observed during 1992 that no one lived at Karluk's listed Idaho address. He also interviewed the neighbors at that address who told him that Karluk had been there for only 35 or 40 days between October 1990 and October 1992.
 
 
 9
 A reasonable officer, knowing what Eastman knew, could have had reasonable suspicion that Karluk possessed the wrong class of hunting license and therefore could have believed he lawfully could stop Karluk to inspect his license. See Idaho Code §§ 36-202(r) (defining "resident" for purposes of Idaho fish and game code), 1201(c) (requiring a person to carry a hunting license at all times when hunting and requiring it to be produced for inspection upon request); cf. Delaware v. Prouse, 440 U.S. 648, 663 (1979) (holding that a brief detention of an automobile for a license check is constitutional if founded on reasonable suspicion).
 
 
 10
 When Karluk was unable to produce a license, in violation of Idaho Code § 36-1201(c), Eastman could have believed he was justified in following Karluk to his vehicle to retrieve his license. See Idaho Code § 36-1302 (allowing an officer to arrest or cite a person for violating a provision of the Idaho fish and game code); see also Alexander v. County of Los Angeles, 64 F.3d 1315, 1320-21 (9th Cir.1995) (finding qualified immunity while recognizing that there is no hard-and-fast time limit on the length of a lawful investigative stop) (citations omitted).
 
 
 11
 Eastman also could have believed he should retain Karluk's license as evidence that Karluk possessed the wrong class of license. See Idaho Dep't of Fish and Game Policy No. E-10.00 (stating that an officer may retain a license if it constitutes evidence of a violation such as purchasing the wrong class of license); see also State v. Wimer, 800 P.2d 128, 130-31 (Idaho Ct.App.1990) (upholding conviction under Idaho Code for possession of wrong class of hunting license based in part on admission of seized hunting license into evidence).[1]
 
 
 12
 Accordingly, we conclude that Eastman was entitled to qualified immunity. See id.
 
 
 13
 B. Contentions as to Merkley.
 
 
 14
 Karluk contends that the district court erred by granting qualified immunity to Merkley because Merkley lacked an objectively reasonable belief that his conduct was lawful. This contention lacks merit.
 
 
 15
 Where officers are working in close concert, a court may consider the collective knowledge of the arresting officers in determining probable cause or reasonable suspicion. See United States v. Bernard, 623 F.2d 551, 561 (9th Cir.1979) (reasoning that "the officers involved were working in close concert with each other and the knowledge of one of them was the knowledge of all") (quotation omitted).
 
 
 16
 Merkley was working with Eastman as part of a joint patrol and assisted Eastman in inspecting Karluk's hunting license. Although Merkley did not personally know of Karluk before "seizing" him, Eastman's knowledge is imputed to Merkley because they were working in close concert. See id. Viewed objectively, Merkley could have believed his conduct in assisting in stopping Karluk was lawful. See id.
 
 
 17
 Accordingly, we conclude that Merkley was also entitled to qualified immunity. See Act Up!, 988 F.2d at 971.
 
 
 18
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Karluk also contends that because Eastman's affidavit contains conflicting indicia of residency, the district court should have assumed, for purposes of summary judgment, that Eastman knew Karluk was an Idaho resident. We disagree because Eastman's subjective beliefs about the search are irrelevant. See Anderson v. Creighton, 483 U.S. 635, 641 (1987)