**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40635**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 666 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 13, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KIRK ALLEN HUFF, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Judgment of conviction and unified sentence of three years, with one year determinate, for attempted burglary, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Kirk Allen Huff appeals from his judgment of conviction and sentence for attempted burglary. Specifically, Huff argues error in instructing the jury, challenges the sufficiency of the evidence to support the conviction, and argues the sentence imposed amounted to an abuse of discretion. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

At approximately 8:00 p.m. one evening in July 2012, Chad Nelson was informed by his young daughter that two men were trying to break into a utility trailer parked on the back of Nelson's property. Nelson and his wife went outside to investigate, but initially did not see anyone. Nelson observed a significant amount of damage to the trailer--three corners of the door were destroyed, as was the locking mechanism. Nelson began searching for the perpetrators and approximately five to ten minutes later, he saw his neighbor, Huff, walking near the trailer.

1

Nelson watched as Huff picked up an approximately two-foot long 4x4 piece of wood with which he began hitting the door of the trailer. Nelson took a video recording of the incident on his phone. After being confronted by Nelson, Huff stated he was merely trying to break the nails out of the piece of wood. Nelson called 911 and Huff walked away. After Nelson began following him, Huff began running. Nelson found Huff hiding in some bushes and waited in the vicinity until law enforcement arrived. When questioned by the responding officer, Huff denied tampering with the trailer and denied he was the person in the video recording taken by Nelson.

Huff was charged with attempted burglary, Idaho Code §§ 18-1401, 18-306. He pled not guilty and his case proceeded to trial where a jury found him guilty as charged. The district court imposed a unified three-year sentence, with one year determinate, and retained jurisdiction. Huff filed an Idaho Criminal Rule 35 motion for reduction of his sentence, which the district court denied. At the conclusion of the retained jurisdiction period, Huff was placed on probation. He now appeals from his judgment of conviction and sentence.

## II.

## ANALYSIS

Huff contends the district court erred by failing to sua sponte give the jury a specific unanimity instruction. He also argues there was insufficient evidence presented at trial to support a conviction of attempted burglary and that the sentence imposed was an abuse of discretion.

### A. Jury Instruction

Huff argues that the district court's failure to give a specific unanimity instruction was reversible error. He contends the district court erred by failing to instruct the jury that they must be unanimous in their determination as to which of his alleged acts constituted attempted burglary.

The question of whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Calver*, 155 Idaho 207, 214, 307 P.3d 1233, 1240 (Ct. App. 2013); *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

2

Huff did not object to the jury instructions before the trial court, and therefore, he must show the alleged error is fundamental. *Calver*, 155 Idaho at 214, 307 P.3d at 1240. An appellate court should reverse an unobjected-to error only when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *State v. Perry*, 150 Idaho 209, 226, 245 P.3d 961, 978 (2010).

In a criminal case, the district court has a duty to give the jury instructions on all matters of law necessary for their information. I.C. § 19-2132; *State v. Gain*, 140 Idaho 170, 172, 90 P.3d 920, 922 (Ct. App. 2004); *State v. Mack*, 132 Idaho 480, 483, 974 P.2d 1109, 1112 (Ct. App. 1999). The trial court thus must give instructions on rules of law material to the determination of the defendant's guilt or innocence. *Gain*, 140 Idaho at 172, 90 P.3d at 922; *Mack*, 132 Idaho at 483, 974 P.2d at 1112. Idaho law requires a trial court to instruct a jury that, in order to convict a defendant, it must unanimously agree on the defendant's guilt. *State v. Adamcik*, 152 Idaho 445, 474, 272 P.3d 417, 446 (2012); *Severson*, 147 Idaho at 711, 215 P.3d at 431. An instruction that the jury must unanimously agree on the facts giving rise to the offense, however, is generally not required. *Adamcik*, 152 Idaho at 474, 272 P.3d at 446; *Severson*, 147 Idaho at 711, 215 P.3d at 431. An exception to this general principle is when it appears that there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts. *Gain*, 140 Idaho at 172, 90 P.3d at 922. Where the evidence indicates that separate and distinct incidents of criminal conduct could provide a basis for a juror's finding of guilt on the criminal charge in any count, the trial court must either instruct the jury that it must unanimously agree on the specific incident constituting the offense in each count, regardless of whether the defendant requests such an instruction or, in the alternative, jury unanimity must be protected by the State's election of the act upon which it will rely for the conviction. *Gain*, 140 Idaho at 172-73, 90 P.3d at 922-23.

Here, the jury was instructed, in relevant part, that to be guilty of attempted burglary, Huff must have done "some act which was a step towards committing the crime of burglary" and that "at the time of said act, the defendant had the specific intent to commit the crime of theft." Huff contends that, given the facts and circumstances of the case, some jurors could have found that the act of hitting the locking mechanism (which he contends occurred before Nelson went

outside) was committed by Huff and constituted the attempt while others may have found Huff's act of picking up the piece of wood and/or hitting the trailer in Nelson's presence constituted the attempt.[1] Thus, he argues, the district court was required to give a specific unanimity instruction telling the jurors that they must unanimously agree as to which specific act or acts constituted the attempted burglary.

Although there are several reasons that this is not an instance where a specific unanimity instruction was required, we need only address one. Even assuming Huff is correct that the evidence indicated there were several distinct criminal acts that could support one count of attempted burglary, a review of the record makes clear that the State elected Huff's striking of the trailer with the piece of wood (as recorded on video by Nelson) to support the charge, rendering the giving of a unanimity instruction unnecessary. *See Gain*, 140 Idaho at 173, 90 P.3d at 923 (holding that the State's election of the act upon which it would rely to support the charge in each of the three counts of lewd conduct against Gain rendered the giving of a unanimity instruction unnecessary). At trial, the State consistently focused on Huff's act of striking the trailer, as captured by Nelson on video, as the act supporting the attempted burglary charge. During closing argument, when discussing the evidence supporting each element of the charge, the prosecutor explicitly listed the video-taped strike as the act upon which the State was relying. *See id.* (recognizing that the jury heard testimony regarding various instances of abuse, but holding a unanimity instruction was not required where the State, in its closing argument, directed the jury to the specific act it was relying upon to support the count). References by the State to the damage that occurred prior to the video-taped strike were largely made to support the mens rea element in response to Huff's defense that the damage to the trailer was caused by two unnamed men and that he had, in fact, merely been trying to remove a nail and did not have the requisite intent to commit theft. No other act mentioned by the State at trial would logically be considered a basis for the burglary charge. Accordingly, Huff has failed to show the district court's failure to give a unanimity instruction was error, let alone fundamental error.

---

[1] In addition to these two acts, Huff contends there was evidence of "a various litany of acts" that the jury could have relied upon to find Huff guilty of attempted burglary, including that Nelson found Huff hiding in the bushes. We fail to see, and Huff does not explain, how such acts could logically be found by a jury to comprise the requisite act for attempted burglary and do not address them further.

4

**B. Sufficiency of the Evidence**

Huff also argues there was insufficient evidence presented at trial to support a conviction of attempted burglary. Specifically, he contends there was insufficient evidence that he attempted to enter the trailer with the intent to commit theft.

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

In relevant part, the jury was instructed that in order to find Huff guilty of attempted burglary, it must find

> 3. [he] did some act which was a step towards committing the crime of burglary, and
> 4. at the time of said act, the defendant had the specific intent to commit the crime of theft.

On appeal, Huff challenges the sufficiency of the evidence as to the last element, contending there was no evidence he was attempting to enter the trailer and "no evidence, circumstantial or direct, was ever introduced that his intent in striking the trailer with a piece of wood was anything other than what he told Mr. Nelson--that he was trying to get the nails out of the wood."

Huff's argument fails. As both parties recognize, a jury may infer intent from the commission of acts and the surrounding circumstances. *State v. Marsh*, 141 Idaho 862, 867, 119 P.3d 637, 642 (Ct. App. 2004). Here, Nelson's child reported that two men were attempting to break into the trailer. Nelson himself witnessed (and recorded) Huff picking up the piece of wood, approaching the trailer, and hitting it. The damage to the trailer was around the locking mechanism, certainly giving rise to a reasonable inference of intent to remove the lock in order to gain entry into the trailer and, in turn, commit theft. *See Knutson*, 121 Idaho at 104, 822 P.2d

5

at 1001 ("[E]vidence of a forced entry will support a permissive inference of burglary with the requisite intent to commit a theft."). Despite Huff's argument on appeal that there was no evidence Huff caused the damage to the locking mechanism because the damage was observed by Nelson prior to when Nelson saw Huff, there was sufficient evidence to support an inference that it was Huff who caused at least some of the initial damage. Huff was found in the vicinity immediately after Nelson observed the initial damage and he was seen striking the trailer, demonstrating his willingness and ability to damage the trailer.

Additionally, when confronted by Nelson, Huff fled from the scene and attempted to hide in the bushes, giving rise to a reasonable inference of consciousness of guilt. *See State v. Pokorney*, 149 Idaho 459, 463, 235 P.3d 409, 413 (Ct. App. 2012) ("Evidence of flight, escape, or failure to appear on the part of a defendant is often identified as relevant to demonstrate consciousness of guilt."). Contrary to Huff's argument on appeal, there was ample evidence to infer that he was not merely trying to remove a nail from the wood as he claimed and, in this regard, the jury was free to find his version not credible. Taking all reasonable inferences in the State's favor, there was sufficient evidence for a reasonable juror to find that Huff attempted to gain access to the trailer and his intent in doing so was to commit theft.

## C.    Sentence Review

Huff contends his sentence was an abuse of discretion because it is excessive given any view of the facts.[2] Huff concedes his sentence is not illegal, but contends the district court failed to properly consider certain mitigating factors in imposing the sentence: Huff's difficult childhood; medical problems, including mental health issues; severe alcohol abuse problem; remorse for his actions; good work history; military service; and strong support he has from family members.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*,

---

[2]    In his initial brief on appeal, Huff also argued the district court abused its discretion by retaining jurisdiction over him instead of placing him on probation. Huff was subsequently placed on probation and now limits his appeal to the length of his underlying sentence.

103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

In arguing for the sentence the court ultimately imposed, the State noted it was Huff's second felony conviction and that he had served prior probationary periods without success, as well as "a good deal of local jail incarceration." The State also noted that Huff continued to "deny any intent to commit a crime and to blame others for his circumstances" and "offered no remorse for his actions or concern for the impact of his actions on the victim." Given Huff's continued use of alcohol and past patterns of criminal behavior, the State argued that a more significant sentence was necessary in order to protect society. In imposing sentence, the district court indicated it considered the presentence investigation report, explicitly stated the statutory goals of sentencing, and then mentioned several relevant considerations in regard to Huff specifically:

> As I look at your prior record, which is pretty significant, I think there's a combination of criminal thinking and then the drinking and poor decision-making has gotten you into trouble a number of times; and here we are again on a new felony. And so I don't have a lot of confidence that you're a candidate for probation at least at this time, but I'm inclined to let you try and prove that to me.

Thus, the district court clearly did show Huff some leniency in giving him an opportunity to show that he could succeed on probation, despite numerous indications from his past that he would fail. Considering all the relevant circumstances, and given Huff's prior record and admitted serious alcohol abuse problem, we cannot say the district court abused its discretion in imposing an underlying sentence of three years, with one year determinate.

### III.

### CONCLUSION

The district court did not err by failing to sua sponte give the jury a specific unanimity instruction. Additionally, there was sufficient evidence presented at trial to support a conviction of attempted burglary, and the sentence imposed was not an abuse of discretion. Huff's judgment of conviction and sentence are affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**