470 P.2d 296

STATE of Idaho, Plaintiff-Respondent,

v.

Monte Earl GEE, Defendant-Appellant.

No. 10429.

Supreme Court of Idaho.

May 25, 1970.

Lawrence H. Duffin, and Herman E. Bedke, Burley, for defendant-appellant.

Robert M. Robson, Atty. Gen., Dwight V. Board, Asst. Atty. Gen., Boise, Gordon

S. Nielson, Pros. Atty., Burley, for plaintiff-respondent.

DONALDSON, Justice.

Monte Earl Gee (defendant-appellant), also known as Junior McLaws, was charged by an information with having committed the crime of statutory rape [1] upon Evelyn Burke, age 16, on or about November 23, 1968, at the home of Reed Burke (father of the prosecutrix) located in Oakley, Idaho.

Evelyn Burke, the prosecutrix, testified as follows: that the act of intercourse occurred on Saturday, November 23, 1968, at about 1:00 P.M., in a bedroom of her father's house. During the act, the complaining witness heard her father enter the house. She got dressed and went out of the bedroom but did not say anything to her father. The father then went out of the house and the defendant left. The father then returned but again the complaining witness did not tell her father what had happened to her just a few moments before because "she was afraid." However the prosecutrix testified that she did tell her mother three days later about the incident. The prosecutrix first denied, but then admitted, having sexual intercourse on four other occasions with the defendant. This testimony was objected to by defense counsel, but the objection was overruled by the trial court on the ground that the testimony showed "the whole scheme of facts surrounding the circumstance."

The father testified that he remembered a day when he saw a two-tone light green Cadillac with a white top bearing "2M" plates (allegedly owned or driven by the defendant [2]) parked outside the house on the date when the act allegedly took place. He entered the house and saw his daughter as she was coming out of the bedroom. The father asked his daughter, "is he here?" and the daughter replied, "No." The father then left and upon his return saw the green and white Cadillac drive off.

The brother and father of the defendant testified that on November 23, 1968 (the day of the alleged rape), the defendant arrived at their home in Oakley at 9:30 A.M., and didn't leave until "after dark" that evening (they watched television programs all day).

Subsequent to trial the jury returned a verdict of guilty and the defendant, Monte Earl Gee was sentenced to the Idaho State Penitentiary for a period not to exceed 5 years.

Monte Earl Gee has appealed to the Supreme Court from the judgment of conviction and from the order of the district court denying his application for a new trial.

Appellant's principal specification of error concerns the failure of the trial court to grant his motion for a new trial. Appellant asserts that he is entitled to a new trial because the evidence was insufficient (insufficient corroboration of the prosecutrix' testimony) to sustain the verdict.

It has long been a rule of this Court that a defendant may be convicted of statutory rape on the uncorroborated testimony of the prosecutrix.[3] However when this rule is applied, three auxiliary criteria must be satisfied, viz., (1) the character of the prosecutrix for truth must remain unimpeached;[4] (2) her character

---

1. "18–6101. Rape defined.—Rape is an act of sexual intercourse accomplished with a female not the wife of the perpetrator, under either of the following circumstances:
    1. Where the female is under the age of eighteen years.
    2. * * *."

2. There is testimony indicating that the defendant had not traded his pick-up for the Cadillac until November 29, 1968.

and furthermore that he did not drive the green and white Cadillac until November 29, 1968. The act complained of allegedly occurred on or about November 23, 1968.

3. State v. Anderson, 6 Idaho 706, 59 P. 180 (1899); State v. Elsen, 68 Idaho 50, 187 P.2d 976 (1947).

4. Several Idaho cases [State v. Bowker, 40 Idaho 74, 231 P. 706 (1924); State

for chastity must remain unimpeached and (3) the circumstances surrounding the offense must be clearly corroborative of the statements of the prosecutrix. Applying these three criteria to the record in this appeal it is apparent that each of them has been satisfied. Although the record reveals that the prosecutrix was slightly confused when responding to questions posed to her, her reputation for truth was not attacked, nor was her reputation for chastity. As a general rule, a chaste female has been defined as an unmarried woman who has had no carnal knowledge of men. Black's Law Dictionary, Rev. 4 ed., p. 299 (1968).

■ Although the Idaho statute pursuant to which Monte Earl Gee was prosecuted makes no reference to the chaste character of the prosecutrix, and her chastity is completely irrelevant as is the issue of her consent for purposes of proving the necessary elements of the crime of statutory rape pursuant to I.C. § 18–6105,[5] the issue of the prosecutrix' chastity becomes relevant with respect to the quantum of corroboration which is necessary to support the testimony of the prosecutrix.

The record indicates that the prosecutrix engaged in sexual intercourse with the accused before the date of November 23, 1968.[6] The question then to be decided is whether or not the prior sexual relations which were engaged in by the prosecutrix and the accused will defeat the status of "chastity" attributable to the prosecutrix.

We emphasize again that where the character of the prosecutrix for chastity is unimpeached, a conviction for statutory rape may be had on the uncorroborated testimony of the prosecutrix provided that the circumstances surrounding the offense are clearly corroborative of the prosecutrix' statements and provided that her reputation for truthfulness remains unimpeached. In jurisdictions where the victim of statutory rape must be "of previous chaste character" it has been held that prior acts of sexual intercourse between the accused and the prosecutrix would not defeat her claim to chastity.[7] This is so because, " * * * defendant, being the author of the child's defilement, is precluded from taking advantage of his previous wrongdoing to avoid the application of the statute." Castleberry v. State, *supra,* at 507, 136.

■ In the case at bar, the record is devoid of evidence tending to show that the prosecutrix was of unchaste character prior to engaging in sexual relations with the accused. Therefore her reputation for chastity remained unimpeached. In the opinion of this Court prior acts of intercourse between the prosecutrix and an accused will not defeat her claim of chastity for purposes of obviating the necessity of corroboration for her statements provided that the two other criteria heretofore enumerated are fulfilled.[8]

■ We now will examine the circumstances surrounding the offense for

---

v. Elsen, *supra*; State v. Gailey, 69 Idaho 146, 204 P.2d 254 (1949) ; State v. Linebarger, 71 Idaho 255, 232 P.2d 669 (1951)] discuss the requirement that in order for a rape defendant to be convicted on the uncorroborated testimony of the prosecutrix, her testimony must not be inherently improbable or incredible. Questions of improbability and incredibility are but collateral aspects of the principal issue of the prosecutrix' reputation for truthfulness and are not a separate criteria.

5. See footnote 1. See also, State v. Hammock, 18 Idaho 424, 110 P. 169 (1910) ; State v. Henderson, 19 Idaho 524, 114 P. 30 (1911).

6. Testimony of Evelyn Burke, prosecutrix. "Q. Did you have sexual relations with him before that date [November 23, 1968]. A. Yes."

7. Castleberry v. State, 10 Okl.Cr. 504, 139 P. 132 (1914) ; see also, 75 C.J.S. Rape § 7, p. 470, "Prior intercourse with accused."

8. (1) Circumstances surrounding the offense must be clearly corroborative of the statements of the prosecutrix. (2) Character of the prosecutrix for truth must remain unimpeached.

the purpose of determining whether or not they clearly corroborate the testimony of the prosecutrix. The record reveals that both the father and sister of the prosecutrix testified that the accused and the prosecutrix were in each other's company on numerous occasions for about a month preceding the date of the offense (on or about November 23, 1968). Furthermore, the record indicates that Dr. Annest, the prosecutrix' physician, testified that an examination revealed (1) that his patient skipped her menstrual periods for the months of November, December, and January; (2) the patient's uterus was enlarged; (3) the patient had a marital type of introcoitus vagina; and that the prosecutrix was probably pregnant. Laboratory tests were subsequently made which confirmed the physical examination previously made by Dr. Annest. Dr. Annest further testified that it was possible for the girl to have conceived after November 1, 1968. The evidence indicates that the accused was often in the company of the prosecutrix during the period within which conception must have occurred. There is also testimony that the prosecutrix did not date anyone else while she was going out with the defendant. This is corroborative of her direct testimony that he had unlawful relations with her. State v. Mason, 41 Idaho 506, 239 P. 733 (1925). Furthermore testimony was given by both the mother and father of the prosecutrix which tend to confirm the conclusion that she had sexual intercourse with the defendant on or about November 23, 1968.[9]

The record reveals sharply conflicting testimony as to the whereabouts of the accused at the time of the commission of the rape. The father and brother of the accused testified that he spent the day with them watching television. There was also testimony indicating that Gee did not drive the green and white Cadillac (the vehicle which the father of the prosecutrix saw parked outside the house on the day of the rape) until several days after the rape.[10] The mere fact that the testimony of witnesses in a case is sharply conflicting only raises questions as to the credibility of the witnesses and the weight to be given to their testimony. These are matters which are exclusively for the jury to determine. State v. Gailey, *supra*; State v. Blacksten, 86 Idaho 401, 387 P.2d 467 (1963); I.C. § 9–201.[11]

In view of all these circumstances which support the prosecutrix' testimony it cannot be said that the evidence was insufficient to support the conviction of Gee (the defendant-appellant).

■ Appellant has assigned as error the failure of the trial court to instruct the jury that testimony of the prosecutrix relating to previous acts of intercourse between the accused and the prosecutrix was admitted for the limited purpose of estab-

---

9. The father testified that he saw the accused's automobile parked outside the house at approximately 1:30 P.M. on the day the rape occurred; that he went into the house and met his daughter coming out of the bedroom; that she looked scared; and that her hair was messed up. The mother also testified that her daughter told her about the bedroom incident three days later. The mother also testified that she had a conversation with her daughter objecting to her having a date with the defendant on November 23, 1968, because it was the day before her birthday and she had too much work to do.

10. See footnote 2.

11. "9–201 Who may be witnesses—Credibility of witnesses.—All persons, without exception, otherwise than is specified in the next two sections, who, having organs of sense, can perceive, and, perceiving, can make known their perceptions to others, may be witnesses. Therefore, neither parties nor other persons who have an interest in the event of an action or proceeding are excluded; nor those who have been convicted of crime; nor persons on account of their opinions on matters of religious belief; although in every case the credibility of the witness may be drawn in question, by the manner in which he testifies, by the character of his testimony, or by evidence affecting his character for truth, honesty or integrity, or his motives, or by contradictory evidence; and the jury are the exclusive judges of his credibility."

lishing the relationship between the parties. It is settled law in Idaho, as it is in numerous other jurisdictions,[12] that in a prosecution for statutory rape, the testimony of the prosecutrix as to previous sexual activity between herself and the accused is admissible to show the relation of the parties and also for the purpose of corroborating the testimony of the prosecutrix. State v. Elsen, *supra*; State v. Hirsh, 64 Idaho 20, 127 P.2d 764 (1942). A perusal of the record indicates that no request for such instruction was made by the defendant-appellant. An omission to charge on a particular point cannot be assigned as error where no instruction on the point has been requested. State v. Linn, 93 Idaho 430, 462 P.2d 729 (1969); State v. Patterson, 60 Idaho 67, 88 P.2d 493 (1939).

We have carefully examined the record in this appeal but do not find merit in any of the other contentions raised by the appellant.

Judgment affirmed.

McFADDEN, C. J., and McQUADE, SHEPARD and SPEAR, JJ., concur.

12. Washington: State v. Harold, 45 Wash. 2d 505, 275 P.2d 895 (1954); Oregon: State v. Linn, 179 Or. 499, 173 P.2d 305 (1946); Illinois: People v. Kraus, 395 Ill. 233, 69 N.E.2d 885 (1946); Nebraska: Onstott v. State, 156 Neb. 55, 54 N.W.2d 380 (1952).