810 P.2d 1132

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Karl Brent BOLTON, Defendant–Appellant.**

No. 17871.

Court of Appeals of Idaho.

April 16, 1991.

Petition for Review Denied May 31, 1991.

R. Ted Israel, Pocatello, for appellant.

Jim Jones, Atty. Gen., Michael Henderson, Deputy Atty. Gen., argued, Boise, for respondent.

SILAK, Judge.

Following a jury trial on one count of rape, I.C. § 18–6101(3), the jury found Karl Bolton guilty of battery with intent to commit rape, I.C. § 18–911, and the district court imposed a unified sentence of fifteen years in the custody of the Board of Correction with a five-year minimum period of confinement. Bolton appeals from the judgment of conviction arguing that the jury's verdict is inconsistent with its findings, that the verdict is not supported by sufficient evidence, and that the sentence imposed is excessive. For the reasons stated below, we affirm.

The events leading to Bolton's arrest occurred in Pocatello, Idaho, on the evening of May 17, 1988. Bolton accompanied a neighbor from Burley to Pocatello earlier in the day, but remained in Pocatello after the neighbor returned home in the after-noon. He spent some time at a bar, then walked downtown to find another bar. While walking down the street, he encountered the victim, a twenty-eight-year-old woman, who was walking to a convenience store.

There was conflicting testimony regarding the sequence of events, but it is clear that Bolton and the victim conversed on the street and that they then entered an alley where the alleged rape occurred. The victim testified that she was forced to go into the alley, forced to the ground, and forced to have sexual intercourse with Bolton. Bolton testified that the sexual intercourse was consensual. Bolton and the victim then walked to the convenience store. While the victim was getting her soda pop, Bolton left the store. The victim also left the store and ran home to her parents' house. She told her parents she had been raped, and her father took her to the police station where she reported the alleged rape and gave the officers a description of the suspect. A patrol officer observed Bolton on the street shortly thereafter. Bolton was Mirandized, taken to the police department for questioning, and later charged with one count of forcible rape.

## INCONSISTENCY OF THE VERDICT

Bolton argues that the jury's guilty verdict on the lesser offense of battery with intent to commit rape is inconsistent with its finding that appellant was not guilty of the greater offense of forcible rape, and that there is no rational basis for the inconsistency. Bolton's argument relates to both the appropriateness of the lesser included offense jury instruction and the alleged inconsistency of the verdicts.

 We note that this case involves a one-count complaint and that only one verdict was entered. Generally, inconsistency between verdicts is understood to mean some logical impossibility or improbability implicit in the jury's findings on several complaints tried together or as between several counts of a single criminal complaint tried without severance of the counts. *State v. Ruiz*, 115 Idaho 12, 15, 764 P.2d 89, 92 (Ct.App.1988); *see general-*

*ly* Annotation, *Inconsistency of Criminal Verdict as Between Different Counts of Indictment or Information*, 18 A.L.R.3d 259 (1968). Here, the jury did not render a verdict on the rape charge; rather, the jury found Bolton guilty of the lesser included offense of battery with intent to commit rape. Therefore, there is no verdict on the rape charge with which the rendered verdict could be inconsistent. The verdict simply reflects the jury's opinion as to the severity of the single offense with which Bolton was charged. *See People v. Trout*, 198 Colo. 98, 596 P.2d 762 (1979); *People v. Bettis*, 43 Colo.App. 104, 602 P.2d 877 (1979).[1]

■ The appropriate issues here are whether battery with intent to commit rape is a lesser included offense of forcible rape and whether the jury was instructed properly on lesser included offenses. Bolton's argument in this regard is that the jury's findings were inconsistent, rather than that the instruction was given in error.[2] In fact, Bolton requested that the jury be instructed on the lesser included offenses of simple battery, I.C. § 18–903, and fornication, I.C. § 18–6603.

The trial court is required to instruct the jury on a lesser included offense if there is a reasonable view of the evidence presented in the case that would support a finding that the defendant committed the lesser included offense, but did not commit the greater offense. I.C. § 19–2132(b)(2). In addition, I.C. § 19–2312 requires the trial court, providing there is evidence, to instruct the jury on "any offense, the commission of which is necessarily included in that with which the defendant is charged in the indictment." *State v. Beason*, 95 Idaho

267, 276, 506 P.2d 1340, 1349 (1973); I.C.R. 31(c).

■ A lesser included offense is one which is necessarily committed while committing the crime charged, or the essential elements of which are alleged as the manner or means by which the charged offense has been committed. *State v. McCormick*, 100 Idaho 111, 114, 594 P.2d 149, 152 (1979); *State v. Mason*, 111 Idaho 660, 668, 726 P.2d 772, 780 (Ct.App.1986); *State v. Gilman*, 105 Idaho 891, 893, 673 P.2d 1085, 1087 (Ct.App.1983). Courts cannot look merely to the allegations in the information to determine if an offense is necessarily included in the charged offense, but also must consider whether the evidence adduced at trial shows that the included offense was committed during the commission of the charged offense. *See State v. Boyenger*, 95 Idaho 396, 400, 509 P.2d 1317, 1321 (1973); *Mason*, 111 Idaho at 668–669, 726 P.2d at 780–781.

■ Battery is defined by I.C. § 18–903 as any:

(a) Willful and unlawful use of force or violence upon the person of another; or

(b) Actual, intentional and unlawful touching or striking of another person against the will of the other; or

(c) Unlawfully and intentionally causing bodily harm to an individual.

A battery with the intent to commit a serious felony is defined as a battery committed with the intent to commit any of the statutorily specified felonies, one of which is rape. I.C. § 18–911.

The criminal complaint and the information filed by the state both allege that

---

1. However, the "implicit acquittal" on the rape charge does operate as a double jeopardy bar to any further prosecution of Bolton on that charge, because his "jeopardy on the greater charge ... ended when the ... jury 'was given a full opportunity to return a verdict' on that charge and instead reached a verdict on the lesser charge." *Price v. Georgia*, 398 U.S. 323, 329, 90 S.Ct. 1757, 1761, 26 L.Ed.2d 300 (1970), *quoting Green v. United States*, 355 U.S. 184, 191, 78 S.Ct. 221, 225, 2 L.Ed.2d 199 (1957).

2. Bolton's arguments also relate to whether there was sufficient evidence to support the jury's guilty verdict. A review of the sufficiency of the evidence should not be confused with the problems caused by inconsistent verdicts. *See United States v. Powell*, 469 U.S. 57, 67, 105 S.Ct. 471, 478, 83 L.Ed.2d 461 (1984). Even where more than one verdict is entered, a sufficiency-of-the-evidence review should be independent of the jury's determination that evidence on another count was insufficient. *Id.*

Bolton committed the rape, in violation of I.C. § 18–6101(3), as follows:

> That the said Karl Brent Bolton ... did then and there by force or violence, accomplish an act of sexual intercourse with a female person, to-wit: [the victim] by overcoming the resistance of the said [victim].

Clearly, the state alleged that battery was the "manner or means" by which the rape was accomplished.

Conflicting testimony as to the exact nature of the sexual assault was adduced at trial. Conflicts between the victim's trial testimony and her preliminary hearing testimony were brought out at trial. She was consistent in her claim that appellant forced her to have intercourse without her consent, but she also testified: that she didn't know what Bolton meant when he said, "I want you"; that she did not know the meaning of the words "come" and "orgasm"; and that she had never seen a penis before. Bolton testified that the victim not only showed him the way to the alley, but that she began to undress first. He testified that he had intercourse with the victim, but that he missed the first time he attempted penetration. The physician who examined the victim testified that there was medical evidence of penetration "up to the entrance of the vagina" but no evidence of trauma inside the vagina, and that the victim's injuries (external bruises and abrasions in the vaginal area) were consistent with the use of fingers, but not consistent with missed penetration of a penis. The officers assigned to the investigation testified that Bolton had given them various accounts of what happened in the alley and that Bolton initially denied having sex with the victim.

■ Despite Bolton's assertion that consent was the only issue for the jury to decide because he and the victim agreed that sexual intercourse occurred, the conflicting testimony of the witnesses could have raised a reasonable doubt in the juror's minds about another element of the crime of rape, penetration. It is well settled that the mere fact that the testimony of witnesses is conflicting only raises questions as to the credibility of the witnesses and the weight to be given their testimony, and that these questions are exclusively for the jury's determination. *State v. Gee,* 93 Idaho 636, 639, 470 P.2d 296, 299 (1970); *State v. Kay,* 108 Idaho 661, 666, 701 P.2d 281, 286 (Ct.App.1985); I.C. § 9–201.

Bolton acknowledges that assault is a lesser included offense of battery, the difference being that battery requires an unlawful touching. He also acknowledges that assault with intent to commit rape is a lesser included offense of rape, and he argues that assault with intent to commit rape or battery with intent to commit rape can be shown to be a lesser included offense only by proof of all the elements of rape, except penetration. *See State v. Huggins,* 103 Idaho 422, 648 P.2d 1135 (Ct.App.1982), *modified on other grounds* 105 Idaho 43, 665 P.2d 1053 (1983). We agree, and we hold that there was a reasonable view of the evidence which would support the jury's verdict.

The jury may have totally disbelieved Bolton's testimony and may have believed the victim's testimony that she did not consent. Because of the victim's sexual inexperience, the jurors may have disbelieved the victim's testimony that sexual intercourse had occurred. They may have also discredited the defendant's testimony that sexual intercourse had occurred because of his conflicting testimony and impeachment through the officers' testimony. The jury may have relied on the unimpeached testimony of the physician that there was no physical evidence of vaginal penetration. The jury simply may not have been convinced beyond a reasonable doubt that penetration occurred. Therefore, we hold that there was a reasonable view of the evidence adduced at trial which would support a finding that Bolton committed battery with intent to commit rape, but did not commit rape, and that the district court properly instructed the jury on the lesser included offense.

## SUFFICIENCY OF THE EVIDENCE

■ Having determined that the district court properly instructed the jury on the

lesser included offense of battery with intent to commit rape, we next examine Bolton's argument that there was insufficient evidence to support the jury's guilty verdict. Our standards of review on this issue were summarized recently in *State v. Cates*, 117 Idaho 90, 91, 785 P.2d 654, 655 (Ct.App.1989):

> We will not set aside a jury verdict if there is substantial evidence upon which any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 [99 S.Ct. 2781, 61 L.Ed.2d 560] (1979); *State v. Filson*, 101 Idaho 381, 613 P.2d 938 (1980). Nor will we substitute our judgment for that of the jury as to the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Campbell*, 104 Idaho 705, 662 P.2d 1149 (Ct.App.1983). Moreover, on appeal, we view the evidence in the light most favorable to the respondent. *State v. Fenley*, 103 Idaho 199, 646 P.2d 441 (Ct.App.1982).

Bolton argues that, because both he and the victim admitted that sexual intercourse occurred, consent was the only element of rape disputed at trial. He further argues that since the jury found him not guilty of rape, they must have found that the victim consented, i.e., that there was no resistance to overcome by force or violence. Basically, Bolton argues that, inasmuch as the jury found that he did not commit rape, there was not substantial evidence from which the jury could have found that he intended to commit rape.

Intent is manifested by the circumstances connected with the offense and the sound mind and discretion of the accused. I.C. § 18–115. The intent of the accused is a question of fact for the jury to determine. *State v. Atwood*, 105 Idaho 315, 319, 669 P.2d 204, 208 (Ct.App.1983).

As discussed above, there was a reasonable view of the evidence adduced at trial to support the jury's finding that Bolton committed battery with the intent to commit rape, but did not commit rape. Viewing this evidence in a light most favorable to the respondent and refusing to substitute our judgment for that of the jury, we also hold that there was substantial evidence from which the jury could have found the essential elements of battery with intent to commit rape beyond a reasonable doubt.

## EXCESSIVENESS OF THE SENTENCE

Bolton also argues that his sentence is excessive. In accordance with the Unified Sentencing Act, I.C. § 19–2513, the sentencing judge imposed a fifteen-year sentence, with a five-year minimum period of confinement. On appeal, we will consider five years as the probable measure of confinement for the purpose of reviewing the sentence. *State v. Kysar*, 116 Idaho 992, 999, 783 P.2d 859, 866 (1989); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989).

The maximum sentence for battery with intent to commit rape is fifteen years. I.C. § 18–912. A sentence within the statutory limit will not be disturbed on appeal absent a showing that the sentencing court abused its discretion. *State v. McPhie*, 104 Idaho 652, 656, 662 P.2d 233, 237 (1983). In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). A sentence may represent an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). The defendant has the burden of demonstrating such abuse of discretion. *McPhie*, 104 Idaho at 656, 662 P.2d at 237.

To ascertain whether the length of confinement is reasonable, we apply the substantive criteria set forth in *State v. Toohill, supra*. The sentence is reasonable if it accomplishes the primary objective of protecting society and meets any or all of the related goals of deterrence, rehabilitation, or retribution. The reasonableness of the sentence must be considered in light of the nature of the offense, the character of the offender, and the protection of

the public interest. *State v. Shideler*, 103 Idaho 593, 594, 651 P.2d 527, 528 (1982); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

 Bolton argues that the five-year determinate portion of the sentence is unjustified because: of his age (21); he had no prior felony convictions and no indication of sexually aberrant behavior; he had successfully completed a GED program and a Job Corps program; he had a job waiting for him on the family farm; he was open with the presentence investigator; he acknowledged his need for drug and alcohol counseling; a former employer attested to his good character; and the circumstances of this offense do not indicate a violent act because he did not use a weapon and the victim was not "injured" or "struck".

We note that the district court carefully considered all of this information and applied the appropriate sentencing criteria. The court noted that Bolton had a long history of alcohol abuse, that he had been drinking on the day these events took place, and that he did not appear to be apologetic about his actions. The court specifically considered the need to protect society and the goals of retribution and deterrence and said:

> Mr. Bolton, it's a serious offense. It's an offense that must be punished, there must be punishment meted out, and there must be deterrence. And citizens of the community are entitled to walk down the street without being accosted in the manner that—without being accosted by someone who wants to have intercourse with them. They're just flat entitled to walk down the street and be left alone.

Bolton has failed to show that the district court abused its sentencing discretion.

The judgment of conviction, including the sentence imposed, is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.