119 P.3d 637

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Pedro S. MARSH, Defendant–Appellant.**

No. 29644.

Court of Appeals of Idaho.

Dec. 28, 2004.

Review Denied Aug. 30, 2005.

public expense. *Ross v. Swearingen,* 39 Idaho 35, 225 P. 1021 (1924).

Molly J. Huskey, State Appellate Public Defender; Sara B. Thomas, Chief, Appellate Unit, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge.

Pedro S. Marsh appeals from the judgment of conviction and sentence entered by the district court after Marsh was found guilty by a jury of one count of sexual abuse of a minor under the age of sixteen. Marsh also appeals the denial of his I.C.R. 35 motion for reduction of sentence. We affirm.

## I.

## BACKGROUND

Marsh was initially charged by information with three counts of sexual abuse of a minor under the age of sixteen, involving incidents with S.S., M.N. and K.M. Prior to trial, Marsh sought the exclusion of his statements made to police that he had "spooned" S.S. two years prior to the charged events. The district court denied Marsh's motion *in limine*. At trial, Detective Higbee testified that during his interrogation of Marsh concerning S.S.'s allegations, Marsh denied that he had molested S.S. but volunteered that two years previous, he had awakened in S.S.'s bed, "spooning" her. Defense trial counsel described "spooning" as "[a] person is laying on the floor and has someone wrapped around them much like lying in the cradle of a spoon, cuddling with a child." Marsh had told the detective that he did not know how he had arrived in this position. During this interrogation, Marsh was asked whether he fantasized about S.S., and Marsh stated that he had sometimes wondered what S.S. would look like when she was older.

At the end of the state's case-in-chief, Marsh moved for a judgment of acquittal pursuant to I.C.R. 29, which was denied by the district court. After presenting his case, Marsh renewed his motion for judgment of acquittal, which was also denied by the district court.

Marsh was found guilty by a jury on the charge regarding S.S. but acquitted of the two remaining counts for conduct with M.N. and K.M. Marsh subsequently filed a motion for judgment of acquittal and motion for new trial. In support of his motion for a new trial, Marsh filed an affidavit from Derwin Somsen. Somsen stated in his affidavit that, prior to the alleged incidents of sexual abuse, he overheard S.S.'s mother, LaReena Spradlin, state to her sisters, "If Pedro was to touch our children, we wouldn't have to deal with him anymore." After a hearing,

Marsh's motions were denied. The district court imposed a unified term of ten years, with five years determinate. A Rule 35 motion seeking a reduction of sentence was filed and also denied. Marsh appeals.

## II.

## ANALYSIS

### A. Evidence of Prior Bad Acts

Marsh contends that the district court abused its discretion when it denied his motion *in limine* seeking to exclude statements he made to Detective Higbee during interrogation pursuant to I.R.E. 402, 403 and 404. Specifically, Marsh contends that this evidence was improper and irrelevant to the charge of sexual abuse of S.S. Even if relevant, Marsh argues that such information was inflammatory and unduly prejudicial, misleading and confusing.

██ The trial court has broad discretion in the admission of evidence and its judgment will only be reversed when there has been abuse of that discretion. *State v. Zichko,* 129 Idaho 259, 264, 923 P.2d 966, 971 (1996); *State v. Zimmerman,* 121 Idaho 971, 973–74, 829 P.2d 861, 863–64 (1992). Questions of relevancy are reviewed *de novo. Zichko* 129 Idaho at 264, 923 P.2d at 971; *State v. Raudebaugh,* 124 Idaho 758, 764, 864 P.2d 596, 602 (1993). Once evidence has been deemed relevant, the determination of whether its prejudicial effect substantially outweighs its probative value is left to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Matthews,* 124 Idaho 806, 809, 864 P.2d 644, 647 (Ct.App.1993).

██ Rule 401 of the Idaho Rules of Evidence defines relevant evidence as any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evidence that is not relevant is not admissible. I.R.E. 402. Marsh argues that his statements that he had previously awakened in S.S.'s bed and found himself "spooning" her are not relevant because they were innocuous and did not shed light on whether the subsequent touching of S.S. was sexual rather than accidental or innocent, or whether it was done for the purpose of sexual gratification. These statements, however, must be considered in the context that they were made during an interview with a detective regarding an allegation that Marsh had sexually molested S.S. Marsh did not refer to the contact in normal terms of affection but, rather, used the term "spooned," a term Marsh's trial counsel admitted carries negative connotations of a sexual nature. Additionally, Marsh also admitted to wondering what S.S. would look like when she was older when questioned as to whether he fantasized about her. In context, these admissions have a tendency to make it more likely that Marsh touched S.S. as alleged, intentionally, sexually and with the purpose of sexual gratification for either S.S. or Marsh. Such evidence was, therefore, relevant.

██ Marsh also asserts that the prejudicial value of this evidence outweighed any possible probative value because it implied that Marsh was a sexual predator, based on an incident that was not even alleged to be of a sexual nature. We have determined that Marsh's statements tended to imply a sexual interest in S.S. While this evidence of a prior uncharged bad act with the victim may have been offensive to members of the jury, that in itself is not enough to determine that the danger of unfair prejudice substantially outweighed the probative value of the evidence. The district court did not therefore, abuse its discretion in ruling that the evidence that Marsh "spooned" S.S. was admissible.

### B. Judgment of Acquittal

Marsh argues that the district court erred in denying his Rule 29 motion for judgment of acquittal in which he asserted that the state failed to prove beyond a reasonable doubt that the alleged offense of sexual abuse occurred between the dates specified in the amended information and that the evidence presented was insufficient to prove beyond a reasonable doubt that Marsh acted with the intent of sexual gratification.

We independently review the evidence to determine whether a reasonable mind could

conclude that the defendant's guilt on every material element of the offense of which he stands convicted had been proven beyond a reasonable doubt by substantial and competent evidence. *State. v. Kopsa*, 126 Idaho 512, 521, 887 P.2d 57, 66 (Ct.App.1994); *State v. Mata*, 107 Idaho 863, 866, 693 P.2d 1065, 1068 (Ct.App.1984). We do not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, or the reasonable inferences to be drawn from the evidence. *State v. Carlson*, 134 Idaho 389, 395, 3 P.3d 67, 73 (Ct.App.2000). Where the defendant stands convicted, we view all reasonable inferences in the state's favor. *Mata*, 107 Idaho at 866, 693 P.2d at 1068.

■ The amended information alleged that the incident occurred sometime between June 25 and June 27, 2002. The state presented evidence that the incident occurred the summer of 2002 around the time of a cousin's birthday. According to the evidence, the birthday party was celebrated either June 26 or June 27 of 2002. The state's evidence established that the crime was committed in close proximity to the dates alleged in the amended information. This court has determined that the related offense of lewd and lascivious conduct does not include a material element of time. *State v. Jones*, 140 Idaho 41, 52, 89 P.3d 881, 892 (Ct.App.2003). Similarly, the offense of sexual abuse of a child under the age of sixteen does not include time as a material element. Rather, the material elements are a defendant over the age of eighteen; acting to gratify the lust or sexual desire of himself, the child or a third person; and having sexual contact, not amounting to lewd conduct, with a minor. I.C. § 18–1506(1)(b). It is not a requirement, therefore, that the state prove beyond a reasonable doubt the exact date of the sexual abuse in this case.

■ Marsh also challenges the sufficiency of the evidence to support the conclusion that Marsh possessed the necessary intent to "gratify the lust, passions, or sexual desire" of himself or the victim. I.C. § 18–1506(1). The intent of the accused is a question of fact for the jury to determine. *State v. Bolton*, 119 Idaho 846, 851, 810 P.2d 1132, 1137 (Ct. App.1991); *State v. Atwood*, 105 Idaho 315, 319, 669 P.2d 204, 208 (Ct.App.1983). Direct evidence as to intent is not required. *State v. Bronson*, 112 Idaho 367, 369, 732 P.2d 336, 338 (Ct.App.1987). A jury may infer intent from the commission of acts and the surrounding circumstances. *State v. Nastoff*, 124 Idaho 667, 671, 862 P.2d 1089, 1093 (Ct.App. 1993).

S.S. testified in detail regarding the incident of sexual abuse in question. She described the evening on which the event occurred and the layout of the room in which it occurred. That evening, S.S. and her cousins M.N. and K.M. were having a sleepover in the living room of the house S.S. lived in. S.S. testified that Marsh put his hand under her clothes and touched her genital area while she was lying on a pillow chair in the living room pretending to be asleep. S.S. testified that Marsh then touched M.N. and left the room, taking the telephone with him because M.N. wanted to call her mother. The detective who interviewed Marsh testified that Marsh had mentioned he was a "handsy, feely type of guy" and that when he consumes alcohol, he is known as a fondler and likes to touch people. The possibility of alcohol consumption on the night in question was addressed, and Marsh remembered drinking that evening. S.S.'s mother, Spradlin, testified that Marsh had assumed the character of "the fondler" for Halloween one year, and afterwards was jokingly called "the fondler." The intent of the accused is a fact for the jury to determine, and there was substantial and competent evidence presented to support the jury's finding that Marsh possessed the intent to gratify either Marsh or S.S. Viewing all reasonable inferences in the state's favor, a reasonable mind could conclude Marsh's guilt on every material element of the offense was supported by substantial and competent evidence. Thus, the district court did not err in denying Marsh's Rule 29 motion for judgment of acquittal.

## C. Motion for New Trial

Marsh also contends that the district court abused its discretion when it denied his motion for a new trial based on newly discovered evidence presented in the form of Som-

sen's affidavit. The district court considered Somsen's affidavit that he had overheard Spradlin, S.S.'s mother say, "If Pedro was to touch our children, we wouldn't have to deal with him anymore." Marsh contends that this evidence shows that Spradlin and her sisters conspired to frame Marsh for sexual abuse of their children. The district court ruled that the victim's mother's alleged statement was inadmissible as hearsay, would have been used for impeachment purposes only, and was cumulative to the evidence submitted at trial. On appeal, Marsh takes issue with the district court's determination that Spradlin's statement was only admissible as impeachment evidence and therefore, did not meet the criteria for granting a motion for a new trial.

The decision whether to grant a new trial rests in the sound discretion of the district court and will not be disturbed on appeal absent an abuse of discretion. *State v. Pugsley*, 119 Idaho 62, 63, 803 P.2d 563, 564 (Ct.App.1991); *State v. Brazzell*, 118 Idaho 431, 436, 797 P.2d 139, 144 (Ct.App.1990). A motion for a new trial based specifically on newly discovered evidence must satisfy all of the following criteria: (1) the evidence is newly discovered evidence and was unknown to the defendant at the time of trial; (2) the evidence is material, not merely cumulative or impeaching; (3) it will probably produce an acquittal; and (4) failure to learn of the evidence was due to no lack of diligence on the part of the defendant. *State v. Drapeau*, 97 Idaho 685, 691, 551 P.2d 972, 978 (1976); *State v. Palin*, 106 Idaho 70, 76, 675 P.2d 49, 55 (Ct.App.1983).

We consider first the district court's determination that Somsen's testimony concerning the overheard conversation would be hearsay. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." I.R.E. 801(c); *State v. Gomez*, 126 Idaho 700, 704, 889 P.2d 729, 733 (Ct.App.1994). Hearsay is inadmissible unless otherwise provided by an exception in the Idaho Rules of Evidence or other rules of the Idaho Supreme Court. I.R.E. 802. Often, as is the situation here, whether a state-

ment is hearsay depends on the purpose for which that statement is being offered. For instance, where an attorney's testimony disclosed that his client had expressed guilt when he told the attorney he was having trouble sleeping and that he wanted to get the matter off his conscience, the statement sought to prove the matter asserted and was inadmissible hearsay. *State v. Trevino*, 132 Idaho 888, 894, 980 P.2d 552, 558 (1999). However, where an officer's testimony about what he had learned from third parties concerning defendant's activities relating to a prior bank robbery was not offered for the truth of any of the facts relayed in the testimony, but rather was presented only to show what the defendant was told by the officer, which precipitated the defendant's confession, such evidence was not hearsay. *State v. Nichols*, 124 Idaho 651, 657, 862 P.2d 343, 349 (Ct.App.1993). Here, Spradlin's alleged statement was not offered to prove the fact asserted—that if Marsh molested the children, Spradlin and her sisters would no longer have to deal with Marsh; and its relevance did not depend upon the veracity of the out-of-court declarant. Rather, Marsh offered the statement to establish that Spradlin had a *motive* to fabricate the incident of sexual abuse and that Marsh may have been framed through the collaboration of Spradlin and her two sisters. The statement, therefore, is not hearsay.

The question remaining is whether the district court correctly ruled that the evidence was only cumulative or impeachment evidence. The second element of the *Drapeau* test requires that the newly discovered evidence be material, not merely cumulative or impeaching. Substantive and impeaching evidence may be distinguished as follows:

Unlike substantive evidence which is offered for the purpose of persuading the trier of fact as to the truth of a proposition on which the determination of the tribunal is to be asked, impeachment is that which is designed to discredit a witness, i.e. to reduce the effectiveness of his testimony by bringing forth the evidence which explains why the jury should not put faith in him or his testimony. Examples of im-

peachment evidence would include prior inconsistent statements, bias, attacks on [the] character of a witness, prior felony convictions, and attacks on the capacity of the witness to observe, recall or relate.

Evidence may be both substantive and impeaching.

*Small v. State*, 132 Idaho 327, 334–35, 971 P.2d 1151, 1158–59 (Ct.App.1998) (quoting *Zimmerman v. Maricopa County Superior Court*, 98 Ariz. 85, 402 P.2d 212, 215 (1965)) (citations omitted). In the case at hand, Spradlin's statement is being offered as impeachment evidence to discredit Spradlin's testimony by showing her bias against Marsh and her motive to lie. Therefore, the district court did not err in ruling that Spradlin's statement was only admissible as impeachment evidence and fails to meet the second element of the *Drapeau* test for purposes of granting a new trial.

**D. Sentencing**

Marsh asserts that the district court abused its discretion when it imposed a unified sentence of ten years, with five years determinate. Marsh asserts that the sentence was excessive. Additionally, based on his argument that the original sentence was excessive, Marsh also contends that the district court abused its discretion when it denied his I.C.R. 35 motion for a reduction of his sentence.

 The objectives of sentencing, against which the reasonableness of a sentence is to be measured, are the protection of society, the deterrence of crime, the rehabilitation of the offender and punishment or retribution. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). In examining the reasonableness of a sentence, we conduct an independent review of the record, focusing on the nature of the offense and the character of the offender. *State v. Young*, 119 Idaho 510, 511, 808 P.2d 429, 430 (Ct.App.1991). We will find that the trial court abused its discretion in sentencing only if the defendant, in light of the objectives of sentencing, shows that his sentence was excessive under any reasonable view of the facts. *State v. Charboneau*, 124 Idaho 497,

499, 861 P.2d 67, 69 (1993); *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992).

 In determining Marsh's sentence, the district court considered Marsh's denial of guilt with regards to S.S., the potential harm caused to S.S. as a result of the sexual abuse, and Marsh's prior criminal history. Marsh has a history of criminal activity and drug and alcohol abuse that began when he was a juvenile. He has a previous felony conviction for burglary; he was granted parole after serving his determinate sentence, but violated the terms of his parole on the first day of his release and was returned to prison to serve his entire sentence. Since serving out his burglary sentence, he has committed eight misdemeanors. In light of the criminal record accumulated by Marsh and the nature of the offense involved, we conclude the district court did not abuse its discretion in imposing sentence.

 A motion pursuant to I.C.R. 35 is essentially a request for leniency which may be granted in the discretion of the sentencing court. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct.App.1987). If the sentence is not excessive when imposed, the defendant must show on appeal that it is excessive in view of new or additional information presented with his motion to reduce the sentence. *State v. Springer*, 122 Idaho 544, 545, 835 P.2d 1355, 1356 (Ct.App.1992); *State v. Caldwell*, 119 Idaho 281, 284, 805 P.2d 487, 490 (Ct.App.1991). We review the trial court's decision for an abuse of discretion, applying the same criteria used for determining the reasonableness of the original sentence. *State v. Hernandez*, 121 Idaho 114, 117, 822 P.2d 1011, 1014 (Ct.App.1991); *Forde*, 113 Idaho at 22, 740 P.2d at 64; *State v. Lopez*, 106 Idaho 447, 449, 680 P.2d 869, 871 (Ct.App.1984). We have concluded that the district court did not abuse its discretion in imposing sentence in this case. Marsh presented no additional evidence in support of his request for a reduction of the sentence. Therefore, the district court's decision denying the motion for reduction of sentence will not be disturbed.

## III.

### CONCLUSION

For the above stated reasons, we affirm Marsh's judgment of conviction and sentence for sexual abuse of a minor under the age of sixteen and the district court's order denying Marsh's Rule 35 motion.

Chief Judge LANSING and Judge PERRY concur.