# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44311

| | |
|---|---|
| STATE OF IDAHO, | ) 2018 Opinion No. 3 |
| | ) |
| Plaintiff-Respondent, | ) Filed: January 23, 2018 |
| | ) |
| v. | ) Karel A. Lehrman, Clerk |
| | ) |
| BRANDON TYLER BAHR, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Judgment and conviction, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth A. Allred and Andrea W. Reynolds, Deputy Appellate Public Defenders, Boise, for appellant. Andrea W. Reynolds argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Mark W. Olson argued.

_____

GRATTON, Chief Judge

Brandon Tyler Bahr appeals from the judgment entered upon the jury verdicts finding him guilty of first degree murder, grand theft, and petit theft. Bahr asserts the district court incorrectly instructed the jury on the premeditation element of first degree murder and challenges the sufficiency of evidence supporting his grand theft conviction.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Bahr made arrangements with his ex-girlfriend to meet her and her new boyfriend at the Boise Train Depot. The supposed purpose of the meeting was for Bahr and the new boyfriend to fight. Prior to the meeting, Bahr went to his home and took a loaded gun from the nightstand of his mother's boyfriend. Bahr also went to Walmart and stole a bandana which he used to conceal his face. Bahr testified that he intended to point the gun and scare the new boyfriend,

1

but Bahr fatally shot the new boyfriend in the chest after he did not act afraid of Bahr and aggressively walked towards Bahr while making verbal threats. A friend of his ex-girlfriend testified that Bahr then pointed the gun at her (the friend) but Bahr ran away when he realized the friend was not his ex-girlfriend.

Bahr was arrested later that evening after he returned home. He was indicted by a grand jury for first degree murder, aggravated assault with a deadly weapon enhancement for pointing the gun at the friend of his ex-girlfriend, grand theft for taking the gun, and petit theft for stealing the bandana. Bahr was found guilty of murder in the first degree, grand theft, and petit theft. The court imposed a unified life sentence with twenty-five years determinate for first degree murder, a concurrent unified fourteen-year sentence with seven years determinate for grand theft, and 180 days for petit theft. Bahr timely appeals.

## II.

## ANALYSIS

Bahr contends the district court committed instructional error requiring this Court to vacate his first degree murder conviction. He also challenges the sufficiency of evidence supporting his grand theft conviction.

### A. First Degree Murder Conviction

Bahr asserts the district court committed instructional error. At issue is the court's response to a question from the jury during its deliberations. Whether a jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

The jury was given the following instruction concerning first degree murder:

> In order for the defendant to be guilty of First Degree Murder with malice aforethought, the state must prove each of the following:
> 1. On or about September 23, 2015
> 2. in the state of Idaho
> 3. the defendant Brandon Bahr engaged in conduct which caused the death of [the victim],
> 4. the defendant acted without justification or excuse,
> 5. with malice aforethought, and
> 6. the murder was a willful, deliberate, and premeditated killing. Premeditation means to consider beforehand whether to kill or not to kill, and

2

then to decide to kill. There does not have to be any appreciable period of time during which the decision to kill was considered, as long as it was reflected upon before the decision was made. A mere unconsidered and rash impulse, even though it includes an intent to kill, is not premeditation.

If you find that the state has failed to prove any of the above, you must find the defendant not guilty of first degree murder. If you find that all of the above have been proven beyond a reasonable doubt, then you must find the defendant guilty of first degree murder.

The jury was also instructed on the elements of second degree murder, voluntary manslaughter, and involuntary manslaughter. There is no dispute that the jury was properly instructed on the elements. The State presented the following PowerPoint slide during its closing arguments regarding the above instruction:

Premeditation means to consider beforehand whether to kill or not to kill. **There does not have to be any appreciable period of time during which the decision to kill was considered, as long as it was reflected upon before the decision was made.** Premeditation is not a mere unconsidered or rash impulse.

The court overruled Bahr's objection asserting this slide misstated the court jury instruction. During the deliberations, the jury asked: "Is the verbalization of a threat 'I'm going to kill you,' the same as the decision to kill?" The court proposed the following response: "This is for you to decide as the jury." The State indicated that was acceptable; however, Bahr objected by stating, "Your Honor, I think the actual answer to that question is no, and so I would prefer that we answer it in the negative." The court overruled this objection, explaining, "The reason I propose that answer is that the jury is to determine the meaning and the weight to be given any statement, not me. And that is a question that goes to the meaning to something that was said, and that's for the jury to determine." The court went ahead with its proposed response and the jury found Bahr guilty of first degree murder.

The element of premeditation is the focus of the parties' arguments; they do not dispute the remaining elements of first degree murder. Bahr contends the jury's question reveals it was struggling to decide whether the killing was premeditated. He asserts the answer to the question misstated the law on premeditation, specifically that it was for the jury to determine whether the threat to kill is the same as a decision to kill, and thus relieved the State of its burden to prove this element of first degree murder. He cites *State v. Snowden*, 79 Idaho 266, 273, 313 P.2d 706, 710 (1957), for its holding that in order to constitute first degree murder the killing "must be accompanied with a deliberate and clear intent to take life." Further, "[t]he intent to kill must be the result of deliberate premeditation. It must be formed upon the pre-existing reflection, and not

3

upon a sudden heat of passion sufficient to preclude the idea of deliberation." *Id*. at 273-74, 313 P.2d at 710. Bahr asserts the court's instruction could have led the jury to incorrectly believe that "the verbalization of a threat to kill is, *ipso facto*, the same as a decision to kill."

As the State contends, the jury instruction provided for first degree murder is consistent with the Idaho Criminal Jury Instructions, which are presumptively correct statements of the law. *State v. Reid*, 151 Idaho 80, 85, 253 P.3d 754, 759 (Ct. App. 2011). While it is clear there is no error with the court's initial instruction, Bahr's arguments focus on the court's response to the jury question. However, the court was correct in its instruction at this point as well. The intent of the accused is a question of fact for the jury to determine. *State v. Bolton*, 119 Idaho 846, 851, 810 P.2d 1132, 1137 (Ct. App. 1991). Therefore, whether Bahr's verbalization of a threat to kill the victim was, under the circumstances, the same as making a decision to kill him was a question for the jury to resolve. The court would have erred if it had resolved this question for the jury.[1]

Even assuming there was some error in the court's response to the jury question, any error was harmless.

> [A]n appellate court must first determine whether an improper jury instruction affected the entire deliberative process. If it did, then a reversal is necessary as the jury's deliberations were fundamentally flawed, and any attempted harmless error inquiry would essentially result in the appellate court itself acting in the role of jury. However, where the jury instructions were only partially erroneous, such as where the jury instructions improperly omitted one element of a charged offense, the appellate court may apply the harmless error test, and where the evidence supporting a finding on the omitted element is overwhelming and uncontroverted, so that no rational jury could have found that the state failed to prove that element, the constitutional violation may be deemed harmless.

*State v. Perry*, 150 Idaho 209, 224, 245 P.3d 961, 976 (2010); *see also Neder v. United States*, 527 U.S. 1 (1999) (applying harmless error analysis to instructional error). This Court has held that few errors affect the entire deliberative process, and further that "the erroneous description of the intent element does not affect the entire deliberative process and thus we may review for harmless error." *State v. Larson*, 158 Idaho 130, 137, 344 P.3d 910, 917 (Ct. App. 2014). The harmless-error inquiry provides, "Is it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error?" *Neder*, 527 U.S. at 3.

---

[1] It would have been proper and perhaps helpful for the district court to remind the jury to follow the instructions of the court, but it was not error to fail to do so, and the court's answer did not imply that the jury should not follow the instructions.

As noted above, premeditation "means to consider beforehand whether to kill or not to kill, and then to decide to kill." ICJI 704. A jury may infer such intent from the commission of acts and the surrounding circumstances. *State v. Marsh*, 141 Idaho 862, 867, 119 P.3d 637, 642 (Ct. App. 2004). Here, there was sufficient evidence introduced at trial to support the jury's finding that Bahr considered whether to kill even excluding the threat. His actions were evidence of premeditation including, but not limited to, his taking a gun from the nightstand of his mother's boyfriend prior to meeting his ex-girlfriend and her new boyfriend; stealing a bandana to cover his face for the meeting; and hiding in the bushes while he waited for them to arrive. He also sent numerous text messages to his ex-girlfriend including, "[your boyfriend] comes to my house, he will end up in the news." Then "Ill [sic] be down there soon"; "Sure your man wants to do this?"; and "Single your [sic] going to be."

Applying the harmless error test, it is clear beyond a reasonable doubt that a rational jury would have found Bahr guilty even if the court was erroneous in the response it provided to the jury question and had instead answered that the statement, "I'm going to kill you" was not the same as a decision to kill, as Bahr had requested.

**B.      Grand Theft Conviction**

Bahr claims there is insufficient evidence to support his conviction for grand theft. Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

The jury was given the following instruction regarding the grand theft charge:

In order for the defendant to be guilty of Grand Theft, the state must prove each of the following:
1. On or about September 23, 2015

2.  in the state of Idaho

3.  the defendant Brandon Bahr wrongfully took property to wit: a Makarov semiautomatic pistol;

4.  from an owner,

5.  with the intent to deprive an owner of the property or to appropriate the property.

If any of the above has not been proven beyond a reasonable doubt, you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, then you must find the defendant guilty.

The court also provided the following definitions to the jury:

The phrase "intent to deprive" means:

a.  The intent to withhold property or cause it to be withheld from an owner permanently or for so extended a period or under such circumstances that the major portion of its economic value or benefit is lost to such owner; or

b.  The intent to dispose of the property in such manner or under such circumstances as to render it unlikely that an owner will recover such property.

The phrase "intent to appropriate" means:

a.  The intent to exercise control over property, or to aid someone other than the owner to exercise control over it, permanently or for so extended a period of time or under such circumstances as to acquire the major portion of its economic value or benefit; or

b.  The intent to dispose of the property for the benefit of oneself or someone other than the owner.

While Bahr admits taking the gun from the nightstand of his mother's boyfriend and that he did not have permission to do so, Bahr specifically focuses on the State's alleged failure to prove he had specific intent to deprive or appropriate at the time he took the gun and that his plan to return the handgun was thwarted by the stress of his confrontation with the victim. As such, Bahr asserts the conviction for grand theft should be vacated.

Bahr states that the jury instruction conforms to the "historically noted intent requirements" and that the plain language of the instruction provides that he had to possess the requisite intent at the time of the taking.

Bahr contends he planned only to scare the victim by having a gun and was going to return the gun when he got home from meeting his ex-girlfriend and the victim. He asserts even after he threw the gun in the bushes he was going to try and return to the crime scene and retrieve the gun to return it to the nightstand, but he was arrested within three hours after the shooting. Thus, he argues since he intended to have the gun only for a short period of time he did not have the requisite intent needed for a grand theft conviction. Bahr points to the State's closing argument to show that the State's theory regarding intent was legally and factually flawed.

6

The correct standard is whether the evidence was sufficient to support a determination that Bahr took the gun with the intent to deprive or appropriate it. The jury instructions correctly state, "What [lawyers] say in their opening statements, closing arguments and at other times is included to help you interpret the evidence, but it is not evidence." Therefore, Bahr's assertion that the State's closing argument is relevant to his sufficiency of evidence claim fails. Similarly, Bahr's argument that the State did not specifically argue that Bahr had formed the intent to deprive or appropriate at the time of taking also fails. As noted above, the intent of the accused is a question of fact for the jury to determine. *Bolton*, 119 Idaho at 851, 810 P.2d at 1137. Further, a jury may infer such intent from the commission of acts and the surrounding circumstances. *Marsh*, 141 Idaho at 867, 119 P.3d at 642. It is clear the jury rejected Bahr's assertions regarding his intention to quickly return the gun to his mother's boyfriend, as it was entitled to do. It was not required to adopt his explanation for his actions. The jury instead adopted the State's theory that Bahr stole the gun with the intent to kill and dispose of the murder weapon.

The State presented substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of grand theft beyond a reasonable doubt. Bahr has failed to show he is entitled to an acquittal on the grand theft charge.

### III.

### CONCLUSION

The jury was properly instructed and there is sufficient evidence to support Bahr's conviction for first degree murder and grand theft. Therefore, we affirm the judgment entered upon the jury verdicts finding him guilty of these crimes.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.